**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>SHERRY ANN MCGANN,<br><br>Debtor.<br>_____ | Bankruptcy Case No. 20-18118 TBM<br>Chapter 7 |
| SHERRY ANN MCGANN,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH GERMAN,<br><br>Defendant. | Adv. Pro. No. 25-1199 TBM |

**ORDER REGARDING MOTON TO STRIKE AND MOTION TO STAY DISCOVERY**

## I.      Procedural Background.

### A.      The Complaint

On July 17, 2025, acting *pro se*, Sherry Ann McGann (the "Debtor"), individually, and purportedly on behalf of Celestial Properties, LLC ("Celestial Properties"), filed a "Complaint for Damages, Equitable Relief, and Declaratory Release of Estate Interests" (Docket No. 1, the "Complaint"), naming as defendants her former bankruptcy counsel, Elizabeth German ("Ms. German"), Jeanne Y. Jagow (the "Trustee"), and David Miller ("Mr. Miller").

### B.      Dismissal of Various Parties and Claims

On August 8, 2025, the Debtor (again on her own behalf and purportedly on behalf of Celestial Properties) subsequently filed a "Notice of Dismissal without Prejudice of Defendants Jeanne Y. Jagow and David M. Miller" (Docket No. 15), thereby dismissing both from the Adversary Proceeding.

On August 25, 2025, Ms. German responded to the Complaint by filing a "Motion to Dismiss" (Docket No. 25, the "Motion to Dismiss"), asserting that the Complaint must be dismissed pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6).

On November 18, 2025, while the Motion to Dismiss was pending and following abandonment of Celestial Properties by the Chapter 7 Trustee in the Debtor's main bankruptcy case, the Court determined that the Debtor could not represent Celestial Properties, a corporate entity, in the Adversary Proceeding, and further determined that since licensed counsel had not entered an appearance on behalf of Celestial Properties, Celestial Properties could not proceed as a plaintiff in the Adversary Proceeding.  The Court, therefore, dismissed Celestial Properties as a plaintiff from the Adversary Proceeding.  (Docket No. 38).  Thereafter, the case proceeded with respect to only those claims brought by the Debtor, individually, against Ms. German.

In the Complaint, the Debtor characterized her claims for relief as:

(1)  "Legal Malpractice/Breach of Fiduciary Duty" (the "First Claim"), against Ms. German;

(2)  Breach of Fiduciary Duty" (the "Second Claim"), against the Trustee and Mr. Miller;

(3)  "Declaratory Relief – Abandonment of Celestial Properties LLC and Improper Retention of Estate Claims" (the "Third Claim"), presumably against the Trustee; and

(4)  "Aiding and Abetting Breach of Fiduciary Duty" (the "Fourth Claim") against Mr. Miller and Ms. German.

(Docket No. 1 at 11-13.)

On December 30, 2025, the Court issued an Order Granting, in Part, and Denying, in Part, Motion to Dismiss" (Docket No. 43, the "Order on Motion to Dismiss") in which it (1) dismissed the Fourth Claim and (2) determined that the claim for "Legal Malpractice/Breach of Fiduciary Duty" was a single claim for malpractice predicated on negligence – not a one claim for malpractice predicated on negligence and another claim for malpractice predicated on a breach of fiduciary duty.  In so doing, the Court noted, with respect to the remaining claim for legal malpractice:

> [T]he Debtor has not complied with COLO. REV. STAT. § 13-20-602 *et seq.* which requires a party asserting legal malpractice to submit a certificate of review.  Nevertheless, the requirements of COLO. REV. STAT. § 13-20-602 *et seq.* are not jurisdictional.  *Miller v. Rowtech, LLC*, 3 P.3d 492, 495 (Colo. App. 2000).

(Docket No. 43 at 2 n.2.)  The Court further ordered Ms. German to file an answer to the Complaint.  (Docket No. 43 at 25.)

2

**C.**     **The Answer and Affirmative Defenses.**

On January 13, 2026, Ms. German filed an Answer to the Complaint (Docket No. 45).  Therein, Ms. German invoked various affirmative defenses, including the defense that:  "Plaintiff has failed to file a mandatory certificate of review pursuant to C.R.S. § 13-20-602 and, therefore, her legal malpractice claim should be dismissed."

**D.**     **The Certificate of Review**

The next day, January 14, 2025, the Debtor filed a document entitled "Certificate of Review" (Docket No. 46, the "Certificate").  Therein, the Debtor stated as follows:

> 1. **Nature of Claim.** Plaintiff asserts a claim sounding in professional negligence / legal malpractice against Defendant Elizabeth German arising from Defendant's representation of Plaintiff in bankruptcy proceedings and related matters.
>
> 2. **Review and Good-Faith Basis.** Plaintiff certifies that she has reviewed the factual and legal basis for the claim and that the claim has substantial justification within the meaning of C.R.S. § 13-20-602.
>
> 3. **Expert Testimony.** Plaintiff further certifies that, based on the nature of the allegations and the issues presented, expert testimony is not required to establish a prima facie case of negligence at this stage, as the matters at issue concern breaches of duties and conduct that are within the common knowledge and experience of laypersons and/or involve purely factual determinations.  Plaintiff does not waive the right to rely on expert testimony at later stages of these proceedings, if necessary.
>
> This Certificate of Review is filed to comply with the requirements identified by the Court and to preserve the procedural record.  Nothing herein is intended to waive any argument regarding the scope, applicability, or timing of C.R.S. § 13-20-602, nor to concede that expert testimony will ultimately be required.

**E.**     **Pretrial Matters.**

Thereafter, the Court issued an "Order Setting Pretrial Scheduling Conference" (Docket No. 47, the "Scheduling Order"), requiring the parties to confer regarding

3

various pretrial matters and to submit a pretrial report to the Court.  The Court also set a pretrial scheduling conference.

Just prior to the pretrial scheduling conference, on February 11, 2026, Ms. German filed a "Motion to Strike Plaintiff's Certificate of Review (Pursuant to C.R.S. § 13-20-602)" (Docket No. 49, the "Motion to Strike") wherein she moved to strike the Certificate from the record on the ground that it was not compliant with COLO. REV. STAT. § 13-20-602(3)(a)(I) and (II).  Thereafter, on February 12, 2026, as required by the Scheduling Order and pursuant to Fed. R. Civ. P. 26(f)(3), Fed. R. Bankr. P. 7026 and L.B.R. 7026-1(a), Ms. German and the Debtor filed a "Joint Report" (Docket No. 50, the "Joint Report").

In the Joint Report, the parties identified certain topics for discovery, stating:

> The parties will conduct discovery concerning Defendant's standard of care, causation issues related to Defendant's representation of Plaintiff and her claimed damages, and Defendant's affirmative defenses, including without limitation the issue of comparative negligence, failure to mitigate, assumption of the risk, the potential fault of nonparties, and the statute of limitations.

(Docket No. 50 ¶ 3.)  In addition, the parties identified "Other Discovery Issues," stating:

> Plaintiff has filed a Certificate of Review pursuant to C.R.S. § 13-20-602 and Plaintiff has filed a Motion to Strike that filing.  To the extent Plaintiff files an amended certificate of review, Defendant anticipates seeking the identity of the professional consulted.

(Docket No. 50 ¶ 6.)

The following day, February 13, 2026, Ms. German filed a "Motion to Stay Discovery" (Docket No. 51, the "Motion to Stay"), asserting that the Debtor's failure to file a compliant Certificate shows that the Debtor's remaining claim against her lacks substantial justification and moving the Court for an order staying discovery in the Adversary Proceeding in order to protect Ms. German from having to expend time and resources defending such claim.

The Court held the pretrial scheduling conference on February 19, 2026.  Just prior to the pretrial conference, John Cimino, a licensed attorney and bankruptcy practitioner, entered his appearance as counsel for the Debtor (Docket No. 52) and filed a Response to the Motion to Stay (Docket No. 53).

4

At the pretrial conference, the Court noted the pendency of the Motion to Strike and the Motion to Stay, but stated that it was not inclined to rule on either motion until such time that they were fully briefed.  Counsel for both parties agreed that the Court should defer ruling until briefing was complete.  In its discussion with the parties at the pretrial conference, the Court noted that it had reviewed a recent opinion issued by the Supreme Court, *Berk v. Choy*, 607 U.S. ---, 146 S. Ct. 546 (Jan. 20, 2026),[1] which might relate to matters raised in the Motion to Strike.  The Court suggested that the parties review and consider the *Berk* decision in connection with the Motion to Strike and further suggested that the parties might wish to address the applicability of the *Berk* ruling to the situation at bar in their further filings.  (Docket No. 54).

On February 20, 2026, the Debtor filed "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss for Failure to File a Certificate of Review with Memorandum Authority Incorporated Herein" (Docket No. 56).  Ms. German followed up on February 26 and 27, 2026, filing a "Reply in Support of Motion to Stay Discovery" (Docket No. 59) and a "Reply in Support of Motion to Strike' Plaintiff's Certificate of Review (Pursuant to C.R.S. § 13-20-602)" (Docket No. 60).

## II.      Discussion.

### A.      Issues Related to the Certificate.

#### 1.      Applicable Law.

When underlying rights and obligations arise from state law claims, federal courts apply substantive state law in cases arising under 28 U.S.C. § 1334.  *See Mukamal v. Bakes*, 378 Fed. Appx. 890, 896 (11th Cir. Apr. 30, 2010) (applying Delaware substantive law to claims involving fiduciary duty claims against company incorporated in Delaware); *Pearson v. Deutsche Bank AG*, 2023 WL 5905958 (S.D. Fla. Sept. 11, 2023) (applying Florida law to determine availability and amount of prejudgment interest based on claim of negligence and citing *Mukamal*); *Foxwood Hills Prop. Owners Ass'n v. 783-C, LLC (In re Foxwood Hills Prop. Owners Ass'n, Inc.)*, 625 B.R. 851, 859 (Bankr. D.S.C. 2020) ("Even though this Court's jurisdiction is limited to proceedings arising in, under, or related to a bankruptcy case, often times 'bankruptcy cases involve federal statutes and federal questions,' and the 'bankruptcy court may . . . face situations in which the applicable federal law incorporates matters which are the subject of state law. It is clear that a federal court in such cases must apply state law to the underlying substantive state law questions.'") (quoting *In re Merritt Dredging Co., Inc.*, 839 F.2d 203, 205 (4th Cir. 1988)).  In this case, the parties seem to agree that Colorado substantive law governs the malpractice claim.  *See also* Order on Motion to Dismiss (Docket No. 43) (parties asked Court to apply Colorado Law; Court evaluated claims under Colorado law).

---

[1]      As of the time of the pretrial conference, the *Berk* decision was not yet reported in the Supreme Court reporter.

## 2.   Colorado Law Regarding Certificates of Review.

COLO. REV. STAT. § 13-20-602(1)(a) provides, in relevant part:

> In every action for damages or indemnity based upon the
> alleged professional negligence of . . . a licensed
> professional, the plaintiff's attorney [or the *pro se* plaintiff]
> shall file with the court a certificate of review for each . . .
> licensed professional named as a party, as specified in
> subsection (3) of this section, within sixty days after the
> service of the complaint . . .  against such person unless the
> court determines that a longer period is necessary for good
> cause shown.

COLO. REV. STAT. § 13-20-602(1)(a).[2]  If the plaintiff does not file such a certificate, the defendant can move the court to require compliance.  *Id.* § 13-20-602(2).  The defendant can also move to dismiss the claim for lack of a certificate.  *Id.* § 13-20-602(4).

Pursuant to COLO. REV. STAT. § 13-20-602(3)(a)(I) and (II), the certificate of review must be executed by the plaintiff's attorney (or the plaintiff, if she is *pro se*), and must declare that:

> the attorney [or pro se plaintiff] has consulted a person who
> has expertise in the area of the alleged negligent conduct;
> and . . . [t]hat the professional . . .  has reviewed the known
> facts, including such records, documents, and other
> materials which the professional has found to be relevant to
> the allegations of negligent conduct, and, based on the
> review of such facts, has concluded that the filing of the
> claim . . . does not lack substantial justification within the
> meaning of [COLO. REV. STAT.  §] 13-17-102(4).

"The purpose of the certificate of review requirement is to demonstrate that the plaintiff has consulted with a person who has expertise in the area and that the expert consulted has concluded that the claim does not lack substantial justification." *Baumgarten v. Coppage*, 15 P.3d 304, 306 (Colo. Ct. App. 2000) (citing COLO. REV. STAT. § 13-20-602; *State v. Nieto*, 993 P.2d 494 (Colo. 2000); and *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.3d 623 (Colo. 1999)).  *See also Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. Ct. App. 2005) ("A certificate of review verifies that the plaintiff has consulted with an expert in the relevant area who has concluded that the plaintiff's claim does not lack substantial justification.").  Under the statute, "failure to

---

[2]     *Pro se* plaintiffs are not exempt from complying with the statute.  *See Yadon v. Southward*, 64 P.3d 909, 912 (Colo. Ct. App. 2002).  The Tenth Circuit has also explicitly held that the certificate of review requirement applies to *pro se* parties.  *Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 54 (10th Cir. 2003) (unpublished op.).

file a certificate of review . . . shall result in the dismissal of the complaint, counterclaim, or cross claim." COLO. REV. STAT. § 13-20-602(4). *See also*, *e.g., Baumgarten*, 15 P.3d at 306 ("Failure to file a certificate of review, when one is required, must result in the dismissal of such claims."). Where a plaintiff's claim of malpractice does not involve "a simple factual circumstance or a dereliction of duty so palpable as to be apparent without the presentation of expert testimony on deviation from accepted professional standards," such that the "ordinary knowledge of laypersons could . . . be relied upon to provide the requisite standard of care," a certificate of review must be filed. *Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo. Ct. App. 1989). *See also Woo v. Baez,* 522 P.3d 739, 745-47 (Colo. Ct. App. 2002) (finding that court did not err in requiring certificate of review for professional negligence and breach of fiduciary duty claims brought against plaintiff's former attorneys); *Kelton v. Ramsey*, 961 P.2d 569, 571 (Colo. Ct. App. 1998) (holding that certificate of review was required where plaintiff alleged breach of professional duty to provide effective assistance of counsel). *Cf. Giron v. Koktavy*, 124 P.3d 821 (certificate of review is not required where claim can be decided on the basis of the statute of limitations or where the question is simply whether an attorney actually represented a client at a specified time, as such matters can be determined without expert evidence as to the standard of care and deviation therefrom).

COLO. REV. STAT. § 13-20-602(3)(b) states:

> The court, in its discretion, may require the identity of the . . . licensed professional who was consulted pursuant to subparagraph (I) of paragraph (a) of this subsection (3) to be disclosed to the court and may verify the content of such certificate of review. . . .

Thus, the statute allows a court to require disclosure of a professional's identity and may require that the contents of the certificate of review be verified by the professional consulted by the plaintiff, including in the circumstance where the plaintiff is a non-attorney *pro se* litigant. *Yadon v. Southward*, 64 P.3d 909, 913 (Colo. Ct. App. 2002).

### 3.      The Federal Rules and the Certificate of Review Requirement.

Though state law governs the substance of the malpractice claim, the procedures for civil actions in the United States bankruptcy courts are governed by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. *See* 28 U.S.C. § 2075(a) ("The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11. Such rules shall not abridge, enlarge, or modify any substantive right.")

In *Berk v. Choy*, 607 U.S. ---, 146 S. Ct. 546 (Jan. 20, 2026), the United States Supreme Court held that a valid Federal Rule of Civil Procedure trumps contrary state

7

law even if the state law qualifies as substantive[3] (*i.e.*, where the state law is (1) outcome-determinative and (2) failing to apply it in federal court would promote forum shopping and the inequitable administration).  146 S. Ct. at 552.  This Court determines that the same principle applies to the Rules of Bankruptcy Procedure (which, after all, incorporate many of the Federal Rules of Civil Procedure).

In this case, Ms. German asserts that the Debtor's malpractice claim should ultimately be dismissed because she has failed to follow the Colorado law requiring her to provide a certificate of review within 60 days after filing her Complaint.  In the majority opinion in *Berk*, the Justice Barrett explained:

> Rule 8 gives the answer. It prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). By requiring no more than a statement of the claim, Rule 8 establishes "implicitly, but with unmistakable clarity," [*Hanna v. Plumer*, 380 U.S. 460, 470 (1965)], that evidence of the claim is not required. *Cf. Burlington Northern R. Co. v. Woods*, [480 U.S. 1, 7–8 (1987)] (declining to apply a state statute where a Federal Rule "occupies the statute's field of operation").
>
> Rule 12 reinforces the point.  It provides only one ground for dismissal based on the merits: "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6). When evaluating whether a plaintiff has stated a claim, the court cannot consider "matters outside the pleadings."  Rule 12(d).  The court instead asks only whether the complaint's factual allegations, if taken as true, "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, [550 U.S. 544, 570, (2007)].  A complaint that satisfies this standard is "well pleaded" and "may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable."  [*Id.* at 556.]

146 S. Ct. at 553.  In *Berk*, the Court found that a Delaware statute requiring a plaintiff asserting professional malpractice to file an affidavit of merit (a type of *prima facie* evidence), along with the complaint was at odds with Rule 8 because the Delaware statute, procedurally, required more than the "short and plain statement of the claim." *Id.* at 554.

---

[3]     The Tenth Circuit Court of Appeals has ruled that Colorado's requirement that a plaintiff file a certificate of review is a substantive, rather than procedural, rule of law.  *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996); *Cestnik*, 84 F. App'x at 54.

Though Justice Jackson agreed with the *Berk* majority that a valid federal rule will displace a state procedural requirement and reached the same conclusion as the Court with respect to the outcome of the dispute, she reached her conclusion in a different way. In her concurring opinion in *Berk*, Justice Jackson argued that the Delaware affidavit requirement cannot apply in federal court because the Delaware statute made clear that both a complaint and an affidavit of merit are required to start a civil action for malpractice in Delaware; whereas in the federal courts, all that is required under Rule 3 to commence a case is the filing of a complaint, and nothing more. *Id.* at 559.

As Ms. German notes in the Reply filed in support of the Motion to Strike, Colorado's statute is different from Delaware's[4] in that, while the Delaware statute requires a plaintiff to file an affidavit of merit (or a motion for extension of time to file such affidavit) with the complaint, the Colorado statute allows for a plaintiff to file a complaint without a certificate of review, and instead sets a deadline for filing a certificate of review later in the case. Under the Delaware statute, if a plaintiff fails to file an affidavit of merit with the complaint, the clerk of the court cannot file or docket the complaint, while in Colorado, the statute allows for a complaint unaccompanied by an certificate of review to be filed and docketed, but allows a defendant to seek dismissal of a malpractice claim later if an affidavit is not filed and if the defendant believes that an expert is necessary to prove the claim, COLO. REV. STAT. § 13-20-602(2). The Colorado statutory scheme mandates the dismissal of a malpractice claim if the requirement to file a certificate applies and the plaintiff fails to meet such requirement. COLO. REV. STAT. § 13-20-602(4).,

In the majority opinion in *Berk*, Justice Barrett noted that, under Fed. R. Civ. P. 12 (which is made applicable to this proceeding by Fed. R. Bankr. P. 7012), courts cannot consider matters outside the pleadings. Thus, as matter of federal procedure, a federal court cannot evaluate whether the certificate requirement has, or has not been met, at the pleading stage of the case, including when a defendant seeks dismissal pursuant to Rule 12(b).

In *Berk*, Justice Barrett noted that "the Rules already prescribe a mechanism [in Fed. R. Bankr. P. 56] for putting a plaintiff to his proof: a motion for summary judgment." However, she also noted that before ruling on a motion brought pursuant to Rule 56, the court must allow the nonmovant 'adequate time for discovery.'" 126 S. Ct. at 555 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and Rule 12(d) as requiring a "reasonable opportunity to present all the [pertinent] material" if motion to dismiss is converted to motion for summary judgment). Justice Barrett concluded, "That defendants cannot fit the affidavit requirement into the Federal Rules illustrates that it has no place there."

---

[4]      As described by Justice Barrett in *Berk*, 146 S. Ct. at 551.

9

### 4.       The Motion to Strike.

Ms. German has moved to strike the Certificate on the ground that it is facially insufficient.  She argues in the Reply that, because COLO. REV. STAT. § 13-20-602(1)(a) does not require that a plaintiff file a certificate of review with the complaint, the Colorado statute "is not related to the pleading requirements of Rule 8 and is not displaced by it."  But the issue is not whether the certification needs to be filed with the complaint or after it, but rather when, under the Federal Rules of Civil Procedure, a federal court can consider matters outside of the pleadings.  *Berk* clearly instructs that under the Federal Rules of Civil Procedure, the issue of whether the Debtor can meet her burden of proof is not one that the Court can evaluate at an early, pre-discovery stage of the case.  Instead, under the Federal Rules such matter can be considered only later in the proceedings, either at the summary judgment phase or at trial.[5]  Indeed, as the Supreme Court in *Berk* makes clear, the Federal Rules of Civil Procedure require that a plaintiff be afforded a "reasonable opportunity to present all the [pertinent] material" before a federal court can consider anything more than whether the plaintiff has stated a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6) and (d). *See also Berk*, 126 S. Ct. at 555 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and Rule 12(d) as requiring a "reasonable opportunity to present all the [pertinent] material" if motion to dismiss is converted to motion for summary judgment). As such, the Court agrees with the Debtor that the state statute is contravened by a valid rule of procedure such that the Colorado statute's procedural requirement that a plaintiff file a certificate of review in support of their claim at the outset of the case is not one that can be enforced in federal court.  *See Dist. of Columbia Water & Sewer Auth. v. Samaha Assocs., P.C.*, 2026 WL 654130, at *5 (D. Md. Mar. 9. 2026) (holding that Fed. R. Civ. P. 8 "governs and displaces" Maryland statute requiring filing of "certificate of qualified expert" assessing claim against licensed professionals within 90 days after complaint); *Aycock v. Malhi*, 2026 WL 312724, at *6 (M.D. Penn. Feb. 5, 2026) ("*Berk* forecloses the application of the [Pennsylvania certificate of merit] requirement with respect to professional negligence claims); *Redman v. Irwin*, 2026 WL 693884, at *4 (W.D. Penn. Mar. 16, 2026) (holding that 60-day "certificate of merit requirement" under Pennsylvania law "no longer applies in professional negligence and malpractice actions in federal court").

This not to say that Ms. German's contention that the Certificate is insufficient is incorrect.  To the contrary, the Court finds and agrees with Ms. German that the Certificate is plainly insufficient under COLO. REV. STAT. § 13-20-602(3)(a) because it in no way demonstrates that the Debtor "consulted a person who has expertise in the area

---

[5]       If the issue were to be raised in a motion for summary judgment, the Court could consider whether a plaintiff's failure to file a sufficient certificate of review or other evidence showing that an *expert* had reviewed the "records, documents, and other materials" relevant to a plaintiff's claims and had "concluded that the filing of the claim . . . does not lack substantial justification" demonstrated the absence of any genuine issue of material fact as to whether the defendant professional had, in fact, violated the standard of care.  *See* Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056).  Or, if the issue were raised at trial and no expert testimony were offered, the Court could consider whether, in the absence of expert testimony, a plaintiff had met the burden of establishing that the professional had not met the standard of care.

of the alleged negligent conduct" let alone than an person with expertise "concluded that the filing of the claim . . . does not lack substantial justification" and in no way supports the Debtor's claim for malpractice predicated on negligence.  However, because "striking" the Certificate will do nothing to change the posture of the case, the Court perceives of no purpose that will be served by granting the Motion to Strike.  Instead, to the extent that the filing of a certificate (or lack of doing so) is relevant to the Court's consideration of the merits of the Debtor's claim, the Court will treat the Certificate as providing no support for the Debtor's claim.

**5.      The Motion to Stay.**

In the Motion to Stay, Ms. German requests that the Court stay discovery, arguing that requiring her to submit to discovery in the absence of a certificate evidencing that the Debtor's claim is substantially justified will waste time and resources.

As Justice Barrett noted in *Berk*, the system of pleading established by the Federal Rules of Civil Procedure "makes it relatively easy for plaintiffs to subject defendants to discovery  even for claims that are likely to fail."  *Berk*, 146 S. Ct. at 553.  While this may be frustrating to defendants, and while one may debate the merits of this process, the Supreme Court has consistently rejected efforts to increase the bar by requiring more information prior to discovery.  *Id.* at 553-54 (discussing rules scheme and noting that "[u]nless the Federal Rules single out a claim for special treatment . . . Rule 8 sets a ceiling on the information plaintiffs can be required to provide about the merits of their claims).  Contrary to the Colorado scheme, which singles out professional malpractice claims for special treatment:

> [T]he Federal Rules already prescribe a mechanism for putting a plaintiff to his proof: a motion for summary judgment.  *See* Fed. Rule Civ. Proc. 56.  And that does not offer defendants the protection they want, because before ruling on the motion, the court must allow the nonmovant "adequate time for discovery." *Celotex Corp. v. Catrett*, [477 U.S. 317, 322 (1986)]; *see also* Rule 12(d) (requiring a "reasonable opportunity to present all the [pertinent] material" if motion to dismiss is converted to motion for summary judgment).

The Federal Rules of Civil Procedure dictate that the Debtor, now represented by counsel, must be given reasonable time to conduct discovery and present the material pertinent to her claim before she is required to provide more information regarding the merits of her claim.  The Court cannot, therefore, truncate the discovery process set forth in the Federal Rules based on the Colorado statute for the reasons requested by Ms. German.

### III.    Order.

For the foregoing reasons, it is

ORDERED that the Motion to Strike is DENIED.  It is

FURTHER ORDERED that the Motion to Stay is DENIED.

Dated this 18th day of March, 2026.

BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara,
United States Bankruptcy Judge

12